**Joseph DELAFUENTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–11–00500–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 2012.

Discretionary Review Granted
June 20, 2012.

Clay S. Conrad, Houston, for appellant.

Ross Macha, Hempstead, for state.

Panel consists of Justices FROST, SEYMORE, and JAMISON.

## OPINION

MARTHA HILL JAMISON, Justice.

Appellant Joseph Delafuente was charged with Class B misdemeanor possession of marijuana. *See* Tex. Health & Safety Code § 481.121. Appellant filed a motion to suppress, alleging that the evidence against him was obtained during a

traffic stop initiated without probable cause or reasonable suspicion. The trial court denied appellant's motion. Having found no specific, articulable facts in the record that would support reasonable suspicion for the traffic stop, we reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

On June 24, 2009, at approximately 9:12 a.m., Officer Davis observed the vehicle in which appellant was a passenger traveling at approximately 52 miles per hour in a 65 mile-per-hour zone. Davis stopped appellant's vehicle for "impeding traffic." Upon approaching the vehicle, Davis immediately noticed a strong odor of marijuana. Davis notified the occupants of the vehicle that he smelled marijuana, and asked appellant, "Where is it?" Appellant replied, "It's in the trunk." Appellant informed Davis that the marijuana belonged solely to appellant.

Davis secured appellant in his patrol vehicle and notified the driver regarding appellant's admissions. The driver then produced a partially smoked marijuana "roach," a bag that contained marijuana, and other items used for smoking marijuana. Davis informed the driver regarding his intent to conduct a search and instructed her to remain in the vehicle with her two children. The search produced two marijuana pipes and other marijuana paraphernalia.

The driver and two children were released. Appellant was arrested and charged with possession of marijuana. Appellant filed a motion to suppress evidence challenging the reasonable suspicion required for the traffic stop. At the hearing on the motion, the only evidence presented was the three-page offense report of Officer Davis. The relevant portion of the offense report states that:

I observed a traffic congestion in the inside westbound lane [on Interstate 10 in Waller County]. Traffic volume was moderate. I inspected further and observed a grey Chevrolet 4 door sedan . . . traveling below the prima facie limit of 65 miles per hour and Impeding Traffic. I paced the vehicle, which was traveling at approximately 52 miles per hour. . . . I initiated a traffic stop of the vehicle.

On November 30, 2010, the trial judge denied appellant's motion to suppress and made findings of fact and conclusions of law. The relevant portion of the judge's findings of fact states:

In the offense report the officer states that [appellant] was impeding traffic. Since there was no contraverting [sic] testimony presented and no cross-examination, the Court accepted that statement as fact. Therefore the Court finds that Defendant's vehicle was impeding traffic.

The trial judge's conclusion of law states: "The officer had probable cause for the stop because the defendant was driving slow[ly] and impeding traffic." Appellant timely appealed the denial of his motion to suppress.

## ANALYSIS

In his only issue, appellant argues that the trial court erred by denying his motion to suppress evidence because the State did not present specific, articulable facts demonstrating that reasonable suspicion existed for the stop.

## I. Burden of Proof

██  In order to suppress evidence allegedly obtained in violation of the Fourth Amendment, the defendant must produce evidence rebutting the presumption of proper police conduct. *Ford v. State,* 158 S.W.3d 488, 492 (Tex.Crim.App.2005).

The defendant meets his initial burden by establishing that a warrantless search or seizure occurred. *Id.* The burden then shifts to the State to prove the reasonableness of the search or seizure. *Id.*

The offense report prepared by Officer Davis was admitted by agreement of both parties. The report demonstrates that a warrantless search and seizure was made, and the State does not challenge that here. Therefore, the burden is on the State to establish the reasonableness of the search and seizure. *See id.*

## II. Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Balentine v. State,* 71 S.W.3d 763, 768 (Tex.Crim.App.2002). We give almost total deference to the court's determination of historical facts, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). However, as to a mixed issue of law and fact, the trial judge may not be in an appreciably better position than the reviewing court to make the determination, and we may review that issue *de novo. Id.* at 87–89. ("The amount of deference a reviewing court affords to a trial court's ruling on a 'mixed question of law and fact' (such as the issue of probable cause) often is determined by which judicial actor is in a better position to decide the issue.... The appellate courts may review de novo 'mixed questions of law and fact' not [turning on an evaluation of credibility and demeanor].").

Whether or not reasonable suspicion existed during the traffic stop is a mixed question of law and fact. *See id.; State v. Tarvin,* 972 S.W.2d 910, 911 (Tex.App.-Waco 1998, pet. ref'd). Here, the only evidence admitted during the hearing on the motion to suppress was Officer Davis's offense report. Because no witnesses tes-

tified, the trial court's findings were not based on an evaluation of credibility or demeanor. Therefore, we review the issue *de novo.*

## III. Reasonable Suspicion and Impeding Traffic

An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. *Ford,* 158 S.W.3d at 492. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that an individual is, has been, or is about to be engaged in criminal activity. *Id.* There is a difference between specific, articulable facts on the one hand and conclusory statements or opinions on the other. *Castro v. State,* 227 S.W.3d 737, 742 (Tex.Crim.App.2007). Mere conclusory statements are not an effective substitute for specific, articulable facts when the nature of the offense requires an officer to make a subjective determination. *Id.* (noting that whether driver changed lanes without signaling was an objective determination, unlike following too closely, speeding, or being intoxicated, which are subjective determinations).

■ Under Texas law, a vehicle "may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." Tex. Transp. Code § 545.363(a). "Slow driving, in and of itself, is not a violation of the statute; a violation only occurs when the normal and reasonable movement of traffic is impeded." *Tex. Dep't of Pub. Safety v. Gonzales,* 276 S.W.3d 88, 93 (Tex.App.-San Antonio 2008, no pet.).

## IV. Application

The only facts stated in Officer Davis's report relevant to the existence of reasonable suspicion are that (1) he observed traffic congestion in the inside westbound lane of I–10, (2) traffic volume was moderate, and (3) he paced appellant's car traveling 52 miles per hour in a 65 mile-per-hour zone. The report perhaps implies, but does not state, that appellant's vehicle was traveling in the inside westbound lane. The report also includes the conclusory statement that appellant's vehicle was impeding traffic. We must determine whether the evidence is sufficient to raise a reasonable suspicion that appellant's vehicle was an impediment to the normal and reasonable movement of traffic.

In *Ford,* the police officer who made the traffic stop testified at the hearing on the motion to suppress. 158 S.W.3d at 491. The officer testified that he saw a vehicle "following too close behind" another vehicle. *Id.* That was the only testimony given by the officer describing the circumstances leading up to the traffic stop in that case. *Id.* The Court of Criminal Appeals stated that "[the officer] only stated that Ford was 'following too close.' The record reveals an absence of any facts allowing an appellate court to determine the circumstances upon which [the officer] could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity." *Id.* at 493. The court held that the evidence before the trial court "indicated only that in [the officer's] judgment, Ford was following another car too closely. . . . The State failed to elicit any testimony pertinent to what facts would allow [the officer] to objectively determine Ford was violating a traffic law. . . ." *Id.* at 494.

Other Texas courts have found the evidence insufficient to support reasonable suspicion under this statute. *See, e.g.,* *Gonzales,* 276 S.W.3d at 93–95 (no reasonable suspicion existed where defendant was traveling 45 miles per hour in a 65 mile-per-hour zone—which the officer "considered impeding traffic"—and the officer could not recall the amount of traffic on the highway. The court stated, "[a]n officer's conclusory statement that the law has been violated is not sufficient to prove reasonable suspicion."); *Richardson v. State,* 39 S.W.3d 634, 636–39 (Tex.App.-Amarillo 2000, no pet.) (no reasonable suspicion existed where defendant was traveling 45 miles per hour in the right-hand lane, only one vehicle passed defendant, there was little or no traffic for defendant to impede, and defendant slowly increased his speed to 57 miles per hour); *U.S. v. Coronado,* 480 F.Supp.2d 923, 927–29 (W.D.Tex.2007) (government failed to show that reasonable suspicion existed where defendant was traveling 53 miles per hour in the left lane where the speed limit was 65 miles per hour, and officer testified that there were ten to fifteen cars behind defendant's car but did not testify as to how long he observed the backup of vehicles).

Here, Officer Davis's offense report merely stated that the traffic volume was moderate, that there was congestion in the left lane, and that appellant's vehicle was traveling 13 miles per hour below the speed limit while the officer was following it. There was no evidence that the normal and reasonable movement of traffic was impeded by appellant's driving. Specifically, there was no evidence presented that appellant's car was the cause of the congestion, that the moderate traffic volume was unusual for the time of day, whether cars were forced to pass appellant, how long the officer observed the traffic congestion behind appellant, or that traveling 13 miles below the speed limit was unreasonable given the traffic and weather conditions at the time. The officer's opinion that appellant was "impeding traffic,"

without specific, articulable facts to substantiate it, is insufficient to support the existence of reasonable suspicion. *See Castro*, 227 S.W.3d at 742; *Ford*, 158 S.W.3d at 493. The State failed to elicit sufficient testimony as to facts that would "allow [Officer Davis] to objectively determine [appellant] was violating a traffic law...." *Ford*, 158 S.W.3d at 494. We conclude that the record does not justify a reasonable suspicion that appellant was impeding traffic, and therefore the trial court erred in denying appellant's motion to suppress evidence.

## CONCLUSION

We reverse the judgment of the trial court and remand the cause to that court for proceedings consistent with this opinion.

FROST, J., Dissenting.

KEM THOMPSON FROST, Justice, dissenting.

This court should affirm the trial court's denial of appellant's motion to suppress because the record contains evidence of specific, articulable facts that support a reasonable suspicion that the vehicle in which appellant was riding was impeding traffic. Because this court fails to do so, I respectfully dissent.

During a traffic stop, appellant, who was a passenger in the vehicle, was arrested and charged with the class B misdemeanor of possession of marijuana. He filed a motion to suppress evidence, challenging the officer's reasonable suspicion for initiating the traffic stop. Following a hearing, the trial court denied appellant's motion to suppress. Appellant then pleaded "guilty" to the charged offense. The trial court assessed appellant's sentence at three days' confinement and levied a fine. Appellant now challenges the trial court's denial of his motion to suppress, asserting in a single issue that the trial court erred

in refusing to suppress evidence because the State did not produce evidence of specific, articulable facts demonstrating that a reasonable suspicion existed for the traffic stop. The majority agrees. But the record evidence supports the trial court's ruling.

An officer may stop and detain a person if the officer has reasonable suspicion that a traffic violation was in progress or had been committed. *Kelly v. State*, 331 S.W.3d 541, 549 (Tex.App.-Houston [14th. Dist.], 2011, pet. ref'd). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim.App.2005); *Mount v. State*, 217 S.W.3d 716, 727–28 (Tex.App.-Houston [14th Dist.] 2007, no pet.). This is an objective standard, which requires the court to disregard any subjective intent of the officer making the stop and look solely to whether an objective basis for the stop exists. *Ford*, 158 S.W.3d at 492. A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93.

The record reflects that on June 24, 2009, at approximately 9:12 a.m., Officer Brian Davis was patrolling Interstate 10 in Waller County when he observed traffic congestion in the inside, westbound lane and moderate traffic volume. Officer Davis saw a vehicle, in which appellant was a passenger, traveling below the speed limit of 65 miles-per-hour, leading him to believe the vehicle was impeding traffic. Using his Doppler radar unit, Officer Davis calculated the speed of the vehicle at 52 miles-per-hour. Officer Davis then initiated a traffic stop by activating his rear emergency lights to move from the center

lane to the inside lane, where the vehicle was moving. According to the officer, the vehicle immediately yielded to the inside shoulder. Upon approaching the vehicle, Officer Davis instantly detected a strong odor of marijuana. Appellant admitted the marijuana belonged to him.

As reflected in his report, Officer Davis had reason to believe the vehicle was impeding traffic. Under Texas law, "an operator may not drive so slowly as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law." Tex. Transp. Code Ann. § 545.363(a) (West 2011). As the majority points out, in interpreting section 545.363(a), Texas courts interpreting section 545.363(a) have held that slow driving, in and of itself, is not a violation of the statute; a violation only occurs when the normal and reasonable movement of traffic is impeded. *Tex. Dep't of Pub. Safety v. Gonzales,* 276 S.W.3d 88, 93 (Tex.App.-San Antonio 2008, no pet.). Courts have held that this statute is violated if there is evidence that traffic was backed up due to the defendant's slow driving or that the defendant's vehicle was completely stopped in a lane of traffic. *See id.*

Although the majority concludes that Officer Davis's offense report lacks any evidence that the normal and reasonable movement of traffic was impeded by the driving of the vehicle, the record contains sufficient facts to support Officer Davis's belief that the vehicle was impeding traffic. *See, e.g., id.* (concluding no evidence existed to find normal and reasonable flow of traffic was impeded by appellant's driving when officer could not recall traffic conditions at time of traffic stop); *Davy v. State,* 67 S.W.3d 382, 393 (Tex.App.-Waco 2001, no pet.) (holding evidence was factually insufficient to support traffic stop based on reasonable suspicion when no

other cars were in area when officer stopped appellant).

The majority states that the "report perhaps implies, but does not state, that appellant's vehicle was traveling in the inside westbound lane." But Officer Davis stated in the offense report that he "observed a traffic congestion in the inside westbound lane." In reaching its conclusion, the majority fails to mention an additional portion of the offense report, which shows that appellant was indeed traveling in the inside westbound lane, in the same area where Officer Davis observed traffic congestion. As reflected in the report, Officer Davis specifically stated:

> Initiation of the traffic stop required utilizing the rear emergency lights on the patrol vehicle to allow a safe lane change of my patrol vehicle, from the center to the inside lane. The driver of the Chevrolet sedan immediately yielded to the inside shoulder.

Officer Davis expressly stated in his offense report that he saw traffic congestion in the inside lane. This was the same lane in which Officer Davis observed the vehicle traveling 52 miles-per-hour and impeding traffic. The cases in which courts have refused to find a violation of section 545.363(a) have pointed to a lack of evidence concerning traffic conditions at the time of the traffic stop. *See, e.g., Gonzales,* 276 S.W.3d at 94 (finding no evidence existed to conclude normal and reasonable flow of traffic was impeded by appellant's driving when officer could not recall traffic conditions at time of traffic stop); *Davy,* 67 S.W.3d 382 at 393 (holding evidence was factually insufficient to support traffic stop based on reasonable suspicion when no other cars were in area when officer stopped appellant). These cases are factually distinguishable because in the case under review, Officer Davis expressly stated that he observed moderate traffic

volume and traffic congestion in the inside, westbound lane when he stopped the vehicle for impeding traffic by driving 52 miles per hour in the inside lane.

The majority cites to *Ford v. State*, a case in which the Texas Court of Criminal Appeals reversed a trial court's finding of reasonable suspicion because there was a lack of specific, articulable facts. *See* 158 S.W.3d at 488. But, the facts of *Ford* differ in notable ways from the facts before this court. In *Ford*, the officer's only testimony was that the appellant was "following too close" behind another vehicle. *Id.* at 491. Without more specific, articulable facts, the *Ford* court reasoned, the officer's testimony was conclusory and insufficient to objectively determine that appellant was violating a traffic law. *Id.* at 493. In today's case, Officer Davis stated not only that he observed traffic congestion in the inside, westbound lane, but also that the vehicle was impeding traffic by driving too slowly, specifically, 13 miles per hour below the speed limit. Further, Officer Davis stated that traffic volume was moderate and he initiated the traffic stop after moving from the center to the inside lane, where the vehicle proceeded to move to the inside shoulder. Unlike the scenario in *Ford*, the record in today's case contains numerous, specific facts allowing the trial court to determine the circumstances upon which Officer Davis reasonably could conclude that the driver of the vehicle was violating a traffic law.

In sum, the evidence in the record supports the trial court's conclusion that Officer Davis had reasonable suspicion to initiate a traffic stop. Because the traffic stop was based on Officer Davis's observation that the vehicle in which appellant was riding was moving slowly and impeding traffic, there was no basis for suppressing evidence obtained during the search of the vehicle. *See Moreno v. State*, 124 S.W.3d 339, 346–47 (Tex.App.-Corpus Christi 2003, no pet.) (upholding trial court's implicit denial of motion to suppress after finding probable cause existed for impeding-traffic violation based on arresting officer's observation that appellant was driving 25–miles-per–hour in a 45–mile–per–hour zone in an area with medium to heavy traffic.) The trial court did not err in overruling appellant's motion to suppress and its ruling should be upheld. *See Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003) ("The court of appeals was obligated to uphold the trial court's ruling on appellant's motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case."). This court should overrule appellant's sole issue and affirm the trial court's judgment.